## U. S. COURT OF APPEALS

No. 684

McCLEAN v. BRADLEY et al

U. S. Court of Appeals. 6th Circuit

No. 3905. Decided June 12, 1924

313. CORPORATIONS—1. Director may make valid loan to his corporation when for its benefit.

2. Mortgage to directors to secure money advanced held viodable only by prompt action of stockholders.

3. In absence of fraud, a vote by proxy is binding on the stockholders.

4. Sale of mortgaged corporate property to directors, stockholders having mail noitice, held valid, where price paid is adequate.

5. In absence of fraud, stockholders having due notice, directors may buy property of corportion at public sale.

6. Right of stockholders to attack validity of reorganization, and of mortgages given by reorganized corporation, held barred by laches.

DONAHUE, C. J.

Epitomized Opinion

Appeal from U. S. District Court, Pev. J.
2 Abs. 180

This was an action to set aside a sale. The petition alleged that in 1908 Bradley, Babcock, Cowles and Brown, directors of the McClean Arms & Ordnance Co., entered into a fraudulent conspiracy for the purpose of defrauding the company out of patents owned by it and appropriating these to their own use. The petition alleged that these parties loaned to the company about $40,000 in money and caused a mortgage on these patents to be executed to themselves to secure the re-payment of this loan and later re-published them at a sale made under the terms and provisions of this chattel mortgage and converted the same to their own use and profits without the consent of plaintiffs, who were minority stockholders. As a decree was entered for the defendant by the trial court, an appeal was prosecuted. In affirming the judgment the Court of Appeals held:

1. A director is not prohibited from lending money to his corporation when needed for its benefit, and the transaction is open and otherwise free from blame.

2. Where a corporation organized to manufacture a patented gun was practically insolvent, and all its property was mortgaged, a second mortgage, taken by directors on its patents, to secure money advanced to pay the expense of a naval test of the gun, on which the success of the enterprise depended, was not void, but at most voidable only by prompt action by the stockholders.

3. A vote by proxy in ratification of a mortgage to directors is as binding on the stockholder as his own vote, unless it is shown that the vote was cast in furtherance of a fraudulent conspiracy or collusion between the person holding the proxy and the interested directors.

4. A sale of patents owned by corporation, and then having no commercial value, under a second mortgage, of which sale the stockholders were each notified by mail, held valid, where the price paid was adequate under the circumstances.

5. Directors have the right to buy property of the corporation at a public sale, if no fraud intervenes, and the transaction was open and fair, and the stockholders had notice of the sale.

6. The right of stockholders to attack the validity of a reorganization, and of mortgages given b ythe reorganized company, 10 years after the transaction, of which they had knowledge, held barred by laches.

Attorneys—Arthur P. Greeley, Washington, D. C., and Erwin G. Guthery, Cleveland, for McClean; S. H. Tolles, W. B. Cockley and John F. Wilson, Cleveland, for Bardley.